NELSON STARK AND LAURA STARK, APPELLANTS, v. MARK M. FAGAN, OVERSEER OF POOR OF JERSEY CITY, RESPONDENT.

Argued November 27, 1916—Decided March 9, 1917.

Section 15 of the act of 1911 for the settlement and relief of the poor (*Pamph. L.* 1911, *p.* 397) prescribes two sets of conditions under which the court may have jurisdiction to compel certain relatives to maintain any poor person, namely: (1) upon complaint of the overseer of the poor where the overseer has made an order for relief and maintenance which the relatives have failed to perform, and (2) upon complaint by two freeholders, where the indigent relative is supported at public expense and the overseer neglects to make the order. Where no order has been made by the overseer and there is no proof that the indigent relative was supported at public expense, the action must fail, since the case is not within either class.

On error to the Supreme Court, whose opinion is reported in 89 *N. J. L.* 29.

For the appellants, *Ralph E. Lum.*

For the overseer of the poor, *John Bentley.*

The opinion of the court was delivered by

SWAYZE, J. Although counsel for the appellants made a very courageous argument to induce us to declare unconstitutional a statute which in substance antedates the constitution by nearly a century and has been on the statute book continuously since 1758 (2 *Nevill* 227), we think the only objection to the judgment worth considering is that the proceedings fail to show the jurisdictional facts required by the act. The statute now appears as section 15 of the act of 1911 for the settlement and relief of the poor. *Pamph. L., p.* 397. The procedure prescribed is different from that prescribed in the old act as amended in 1904. *Comp. Stat., p.* 4023, § 30. It requires that the father, grandfather, mother, grandmother, children and grandchildren of any poor person

not able to work, being of sufficient ability, relieve and maintain the poor person "in such manner as the overseer of the poor shall order and direct;" and that if any of the relatives named should fail to perform the order or direction of the overseer with regard to the support of such indigent relatives, or should such indigent relative be supported at public expense, and the overseer neglect to make such order or direction, it shall be lawful for the court to make the order upon complaint of the overseer or two freeholders resident in the municipality. Two cases are thus provided for—*first,* where the overseer has made an order for relief and maintenance which the relatives have failed to perform; *second,* where the indigent relative is supported at public expense and the overseer neglects to make the order. In the first case, it seems the court may act upon complaint of the overseer; in the second case, upon the complaint of two freeholders. This is the natural construction, since it can hardly be that an overseer who was willing to make the complaint to the court would fail to take the initial step of making the order for support; and it is equally improbable that the legislature meant that the complaint should be made to the court by two freeholders when the overseer was himself proceeding. It is, however, immaterial for the present case who is to make the complaint; the court has jurisdiction only in two cases, one where the overseer has made an order for support which the relatives have failed to perform, and the other where the indigent relative is supported at public expense. This case is not within either class. No order for support is shown or averred to have been made by the overseer, and there is no proof that the child who was the indigent relative was supported at public expense; for aught that appears the mother was performing her maternal duty. If she was, the grandparents could not be ordered to pay for the child's care and maintenance.

Let the judgment be reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Bergen, Minturn, Kalisch, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 11.